Pryor & Mandelup, L.L.P.
Attorneys for Robert L. Pryor, Trustee
A. Scott Mandelup, Esq.
675 Old Country Road
Westbury, New York 11590
(516) 997-0999
asm@pryormandelup.com

Hearing Date: March 26, 2018 at 9:30 a.m.
Objection Date: March 19, 2018 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                Case No.  8-17-77117-reg

**693 PENINSULA CORP.,**

                Chapter 7

   Debtor.

-------------------------------------------------------------X

**TRUSTEE'S APPLICATION FOR: (i) ORDER APPROVING SALE PROCEDURES FOR AUCTION SALE OF REAL PROPERTY AND APPROVING TERMS   AND CONDITIONS OF SALE; AND (ii) ORDER DESIGNATING THE SUCCESSFUL BIDDER AND BACK-UP BIDDER, AUTHORIZING THE TRUSTEE'S SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, AND GRANTING RELATED RELIEF**

**TO: THE HON. ROBERT E. GROSSMAN,
    UNITED STATES BANKRUPTCY JUDGE**:

   Robert L. Pryor, Chapter 7 trustee (the "Trustee") of the bankruptcy estate ("Estate") of 693 Peninsula Corp. ("Debtor"), the Debtor in the above-captioned Chapter 7 case, by his attorneys, Pryor & Mandelup, L.L.P., submits this Application in support of the entry of an Order (the "Sale Procedures Order"), substantially in the form annexed hereto as **Exhibit "A"**: (i) pursuant to 11 U.S.C. §§ 105(a), 363(b)(1), and 363(f), Rules 2002(a)(2), 6004(c), 9006(d), and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), E.D.N.Y.

LBR 6004-1, and Administrative Order No. 557 of the Board of Judges of the United States Bankruptcy Court for the Eastern District of New York, (a) authorizing the Trustee to sell Debtor's fee simple interest in the non-residential real property located at 693 Peninsula Boulevard, Hempstead, New York 11550, denoted on the Nassau County Tax Map as Section 34, Block G, Lots 587, 588, and 644 ("the Property"), at a public auction sale (the "Auction"), to the bidder offering the highest and best bid (the "Successful Bidder"), "as is", "where is", "with all faults", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever and free and clear of all liens, claims, encumbrances, and interests (collectively, "Liens") with such Liens, if any, to attach to the proceeds of sale net of the following expenses: (a) all reasonable and customary closing costs, and closing adjustments, including but not limited to recordation fees, transfer taxes, if any, title insurance charges, pickup fees, *etc.*; (b) all taxes associated with the Sale, including real estate taxes and any capital gains taxes which may be incurred by the Estate as a result of the Sale; (c) the Trustee's compensation, if any, as ordered by this Court either  pursuant to 11 U.S.C. § 326 or § 506(c) as this Court may determine, computed against the gross sale proceeds actually received (exclusive of any credit bids by holders of liens against the Property ) on account of the Sale as approved by final order of the Bankruptcy Court; (d) the Trustee's reasonable legal fees and actual and necessary disbursements directly related to the sale and marketing of the Property as approved by final order of the Bankruptcy Court; (e) the Auctioneer's commissions, measured pursuant to E.D.N.Y. LBR 6005-1(b)(i), computed against the gross sale proceeds actually or constructively received on account of the Sale, and as approved by final order of the Bankruptcy Court; and (f) the Auctioneer's reasonable and necessary expenses directly related to the Sale, measured pursuant to E.D.N.Y. LBR 6005-1(b)(ii), and as approved by final order of the Bankruptcy Court

(the "Net Proceeds"), with the same extent, validity, and priority as such Liens had against the Property; (b) approving the Terms and Conditions of Sale (the "Sale Terms") for the sale of the Property (a copy of which is annexed hereto as **Exhibit "B"**); and (c) establishing bidding and other procedures for the Auction sale of the Property by the Trustee's duly retained auctioneer (the "Auctioneer"); (ii) authorizing the Trustee, following conclusion of the Auction sale of the Property, to submit, *ex parte,* to the Court for entry a proposed order, substantially in the form annexed hereto as **Exhibit "C"** (the "Sale Confirmation Order"), (a) designating the highest and best offeror for the Property at the Auction sale (the "Successful Bidder") and the next highest and best offeror (the "Back-Up Bidder"); (b) approving the Trustee's sale of the Property to the Successful Bidder or, if appropriate, the Back-Up Bidder or such other bidder, free and clear of Liens, with Liens to attach to the Net Proceeds; (c) making findings of fact regarding the propriety of the sale and appropriate protections for the purchaser; and (d) waiving the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h); and (iii) granting such other and further relief as the Court deems just and proper, and respectfully represents as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction to hear and determine this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Chapter 7 case and this Application in this district is proper pursuant to 28 U.S.C. § 1408. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 363(b)(1) and (363)(f), Bankruptcy Rules 2002(a)(2), 6004(c), 9006(d), and 9014, and E.D.N.Y. LBR 6004-1.

## BACKGROUND

2. On November 18, 2017 (the "Filing Date"), Debtor filed a voluntary petition for relief from its creditors under Chapter 7 of the Bankruptcy Reform Act of 1978, as amended (the "Bankruptcy Code").

3. On December 18, 2017, the first meeting of creditors was held, pursuant to 11 U.S.C. § 341(a), at which time Robert L. Pryor qualified as permanent trustee of Debtor's Estate.

4. By deed, dated December 22, 2003 and recorded in the Nassau County Clerk's Office on January 28, 2004, Debtor became the sole owner of the Property. Prior to the Filing Date, Debtor operated an automobile lubrication business at the Property.

5. The lien search, dated February 14, 2018, ordered by the Trustee (a copy of which is annexed hereto as **Exhibit "D"**) indicates there are no mortgages or other Liens against the Property and unpaid real estate taxes currently due, which may, in the future, become Liens if not paid, total $26,362.08.

6. By Order, entered January 9, 2018 [Dkt. No. 13] the Trustee was authorized to retain as his auctioneer to sell the Property, Maltz Auctions, Inc.("Auctioneer").

## RELIEF REQUESTED

### The Sale Procedures Order

7. The Auctioneer has inspected the Property and advised the Trustee that it has a likely sale value in excess of any Liens. Accordingly, the Trustee believes that there will be sufficient value in the Estate's interest in the Property to warrant a sale and that a sale will generate sufficient Net Proceeds to provide for a distribution to general unsecured creditors.

8. The Trustee seeks entry of the Sale Procedures Order in the form annexed as Exhibit "A" hereto. The Sale Procedures Order authorizes the Trustee to sell the Property, pursuant

to the Sale Terms and the Sale Procedures Order, at a public auction sale to be conducted by the Auctioneer, approves the Sale Terms annexed to the Sale Procedures Order, and establishes bidding procedures for the Auction sale of the Property.

9. Pursuant to the proposed Sale Terms, the Sale Procedures Order provides that the sale is being made "as is", "where is", "with all faults", without any representations, covenants, guaranties, or warranties of any kind or nature whatsoever. To qualify to bid, each bidder must deposit with the Trustee, prior to the Auction, the sum of $50,000.00 as a partial good faith deposit against payment of the purchase price if such bidder is determined to be the Successful Bidder for the Property.

10. Within 48 hours after conclusion of the Auction, the Successful Bidder must deliver to the Trustee sufficient funds to increase its deposit to an amount equal to 10% of the successful bid. Within five (5) business days after such deposit has been paid, the Trustee shall release to the Back-Up Bidder its initial deposit. The Successful Bidder must pay the balance of the purchase price for the Property to the Trustee at the closing of title (the "Closing") which is to occur on or before 45 days after the conclusion of the Auction, with time of the essence against the purchaser.

11. The Sale Procedures Order provides for notice of the Sale and the Terms of Sale to be given, by first class mail, to Debtor, Debtor's attorney, all creditors in Debtor's Chapter 7 case, all parties filing notice of appearance in Debtor's Chapter 7 case, the Office of the United States Trustee, and all holders of Liens against the Property as indicted on the Lien search annexed hereto as Exhibit "D".

12. Based on the foregoing and after consultation with his professionals, the Trustee has determined, in his business judgment, that a sale of the Property to the highest and best offer obtained at a public auction sale, pursuant to 11 U.S.C. § 363(b)(1), after a reasonable marketing

effort, is in the best interest of the Estate and Debtor's creditors, and would provide the most effective and economical mechanism for maximizing the value of the Property for the benefit of the Estate.

13. The Trustee submits that the sale procedures provided for in the Terms of Sale and the Sale Procedures Order will promote competitive bidding, streamline the public auction sale, and assure that the bidders have the financial ability to purchase the Property. The Trustee submits that cause exists to approve the proposed Sale Procedures Order and the Terms of Sale as being in the best interest of Debtor's Estate and creditors. The Trustee submits that the proposed sale procedures are consistent with Administrative Order 557, adopting sale guidelines (the "Sale Guidelines") and that the proposed sale procedures are free of Extraordinary Provisions (as that term is defined in the Sale Guidelines) other than the request for relief from the fourteen (14) day stay under Bankruptcy Rule 6004(h) for the reasons set forth below.

### Authority to Sell the Property - Section 363(b)

14. 11 U.S.C. § 363(b)(1) authorizes a trustee to use, sell, or lease, other than in the ordinary course, property of the estate. Section 363 does not set forth a standard for determining whether a sale of property under Section 363(b)(1) should be approved, however, courts have consistently applied an "articulated business judgment" standard when interpreting this section. *See*, *Stephen Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)("*Lionel*"); *Walter v. Sunwest Bank* (*In re Walter*) 83 B.R. 14, 17 (9th Cir. BAP 1988); *In re Channel One Communications Inc.*, 117 B.R. 493, 496 (Bankr. E.D.Mo. 1990); *In re Ionosphere Clubs*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Oh. 1984).

15.     The foregoing standard for approval of a sale of the Property under 11 U.S.C. § 363(b)(1) is easily met because the Chapter 7 trustee has a statutory duty to liquidate assets expeditiously.  11 U.S.C. § 704(a)(1).  Furthermore, an auction sale of the Real Property is permissible, as Bankruptcy Rule 6004(f)(1) provides in relevant part that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."  Chapter 7 trustees often exercise authority to sell a debtor's assets.  *See*, *In re Stein*, 281 B.R. 845, 848 (Bankr. S.D.N.Y. 2002) (discussing the Chapter 7 trustee's right to sell the assets of a debtor under the Bankruptcy Code); and *In re Bakalis*, 220 B.R. 525, 531-32 (Bankr. E.D.N.Y. 1998) (explaining the Chapter 7 trustee's authority to conduct the sale of a debtor's assets).

16.     Here the Trustee has a significant business justification for the sale of the Property as the Auction sale is likely to generate sufficient funds to make a substantial distribution to general unsecured creditors and the alternative to a sale of the Property is abandonment of the Property by the Trustee which would result in no funds for distribution to creditors.  Therefore, the Trustee, in the exercise of his reasonable business judgment, recommends that the Court approve the proposed sale of the Property.

**Authority to Sell the Property Free and Clear of Liens,
with Liens to Attach to the Net Proceeds per 11 U.S.C. § 363(f)**

17.     11 U.S.C. § 363(f) provides that,

> The trustee may sell property under subsection (b) or (c) of this section, free and clear of any interest in such property of an entity other than the estate, only if-
>
> (1)  applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;

    (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (4) such interest is in bona fide dispute; or

    (5) such entity could be compelled in a legal or equitable such entity could be compelled, in a legal or equitable proceeding to accept money satisfaction of such interest.

### *(a)  11 U.S.C. § 363(f)(2)*

18. The holders of any Liens, together with all holders of claims against the Debtor's Estate, as detailed in Debtor's schedules, and all persons who have filed claims or notices of appearance in this case, will be given notice of this Application and an opportunity to object to the relief requested and any entity which does not object to the sale shall be deemed to have consented.  *See, e.g., Futuresource L.L.C. v. Reuters, Ltd.,* 312 F.3d 281, 285-86 (7th Cir. 2002) (the lack of an objection to a proposed sale of assets constitutes consent); *In re Finley Enters.*, 2009 Bankr. LEXIS 5258 at 7 (Bankr. S.D.N.Y. 2009) (holders of interest who do not object to sale free and clear are deemed to consent); *Hargrave v. Township of Pemberton* (*In re Tabone, Inc.*), 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to proposed sale free of has all claims, liens and encumbrances satisfies the requirements of Section 363(f)(2)).

### *(b)  11 U.S.C. § 363(f)(3)*

19. Section 363(f) is written in the disjunctive.  As such, the Trustee need only satisfy one of the five conditions to sell free and clear of Liens.  *See,* 11 U.S.C. § 363(f); *Mich. Employment Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1147, n. 24 (6th Cir. 1991) (recognizing that Section 363(f) is written in disjunctive and holding bankruptcy court may approve sale "free and clear" provided that at least one subsection of section 363(f) is met); *cert, dismissed.* 503 U.S. 978 (1992).  *Accord, Lionel*, *supra*, 111 F.2d at

1070-71; *In re Dundee Equity Corp.*, 1992 WL 53743 (Bankr. S.D.N.Y. 1992); *Citicorp Homeowners Servs., Inc. v. Elliot* (*In re Elliot*), 94 B.R. 343, 345 (E.D. Pa. 1988).

20. The Trustee's auctioneer has advised that the Property has a likely sale value in excess of $500,000. The Trustee's lien search indicates that there are no Liens against the Property and there are unpaid real estate taxes in the amount of approximately $26,362.18, as of February 14, 2018, which will become Liens against the Property if not paid. Therefore, the Trustee believes that the Property has substantial value in excess of all Liens and the proposed sale satisfies the requirement of 11 U.S.C. § 363(f)(3) that the interest to be sold free and clear of "is a lien and the price at which such Property is to be sold is greater than the aggregate value of all liens on the property".

21. Also, courts have held that Section 363(f)(3) "is to be interpreted to mean what it says; *i.e.*, the price must be equal to or greater than the aggregate value of the liens, asserted against it, not their amount." *In re Becker Indus. Corp.,* 63 B.R. 474, 476 (Bankr. S.D.N.Y. 1986), *rev'd on other grounds*, 89 B.R.336 (S.D.N.Y. 1988). *See also*, *In re Buston Generations, LLC*, 440 B.R. 302, 332-333 (Bankr. S.D.N.Y. 2010) (holding that the "value" of a lien is determined by reference to 11 U.S.C. § 506(a) "that is, it is the amount by which the lien holder's claim is actually secured" and the best evidence of the value of the asset are the bids received). Accordingly, the Auction will set the value of the Liens, any Liens in excess of the Net Proceeds will not have value, and the Property may be sold free and clear of such Liens.

\* \* \* \* \*

22. The Trustee respectfully submits that the statutory requirements for the sale of the Property free and clear of all Liens have been satisfied and that, consequently, the Trustee is

entitled to the entry of the proposed Sale Procedures Order authorizing such sale pursuant to 11 U.S.C. § 363(f)(2) and (3).

### Additional Provisions in the Sale Order

23. The Trustee intends to seek confirmation of the highest and best offer for the Property at the Auction (the "Successful Bidder") in the following manner: (i) within 48 hours of the close of the Auction, the Trustee will file a declaration (the "Sale Declaration") identifying the Successful Bidder and the amount of the successful bid, and identifying the next highest bidder (the "Backup Bidder") and the amount of such bid, the marketing efforts undertaken leading up to the Auction, and a detailed summary of the Auction, including but not limited to the number of registered, qualified bidders at the Auction, and how many of those bidders actually submitted one or more bids during the Auction. The Trustee also seeks authorization to submit to the Court, after the Auction, a proposed Sale Confirmation Order, substantially in the form of Exhibit "C" hereto, (i) designating of the Successful Bidder and Back-Up Bidder, (ii) authorizing the Trustee to close the sale of the Property, pursuant to the Sale Terms and the Sale Procedures Order, by delivering to the purchaser a duly executed quitclaim deed from the Trustee to the purchaser in the form annexed hereto as **Exhibit "E";** (iii) providing that the purchaser's obligation to close the sale is time of the essence against the purchaser, and providing the remedies for the Trustee if a purchaser fails to timely close; (iv) providing that the sale is made "as is", "where is", "with all faults", without any representations, covenants, guarantees or warranties of any kind or nature whatsoever and free and clear of all Liens, with such Liens, if any, to attach to the Net Proceeds of sale with the same extent, validity, and priority as such Liens had against the Property; and (v) making findings of fact regarding the propriety of the sale and affording the purchaser the protections of 11 U.S.C. § 363(m).

**Waiver of Bankruptcy Rule 6004(h)**

24.     Bankruptcy Rule 6004(h) provides: "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Trustee seeks in the proposed Sale Confirmation Order a waiver of the 14 day stay so as to permit the Trustee to close the Sale of the Real Property immediately after entry of the order. As noted above, there are unpaid real estate taxes accruing daily which will become Liens against the Property and will decrease the amount of Net Proceeds available for distribution to unsecured creditors. Also, waiver of the 14 day stay will make a sale more attractive to prospective bidders.

25.     Accordingly, the Trustee seeks a waiver of the 14 day stay under Bankruptcy Rule 6004(h), so as not to further delay the closing of the Sale of the Property.

## SERVICE

26.     The Trustee has served the Notice of Motion, this Application and the exhibits hereto by first class mail, on twenty-four (24) days' notice on: (i) Debtor; (ii) Debtor's attorney; and (iii) the Office of the United States Trustee. Copies of the Notice of Motion, the proposed Sale Procedures Order, the Terms of Sale, and the proposed Sale Confirmation Order have been served, by first class mail, on twenty-four (24) days' notice on: (i) all creditors in Debtor's Chapter 7 case; (ii) all parties filing notices of appearance in Debtor's Chapter 7 case; and (iii) each holder of a Lien as identified on the Trustee's lien search. The Trustee requests that such service be found to be good and sufficient pursuant to Bankruptcy Rule 2002(a)(2).

27.     Pursuant to the proposed Sale Procedures Order, the Trustee proposes to serve the signed Sale Procedures Order, as a Sale Notice, within two (2) business days after entry of the Sale Procedures Order, by first class mail, facsimile or e-mail on: (i) the Office of the United States

Trustee; (ii) Debtor; (iii) Debtor's counsel; (iv) all creditors in Debtor's Chapter 7 case; (v) all parties filing notices of appearance in Debtor's Chapter 7 case; and (vi) all holders of Liens identified on the Trustee's lien search.

## **NO PRIOR REQUEST**

28. No prior request has been made to this or any other Court for the relief sought herein.

**WHEREFORE**, the Trustee respectfully requests: (a) entry of the proposed Sale Procedures Order; (b) following the Auction, entry of the proposed Sale Order; and (c) such other and further relief as this Court deems just and proper.

Dated: Westbury, New York
February 16, 2018                    PRYOR & MANDELUP, L.L.P.
                                     Attorneys for Robert L. Pryor, Trustee


                            By:   *s/A. Scott Mandelup*_____
                                  A. Scott Mandelup
                                  675 Old Country Road
                                  Westbury, New York 11590
                                  (516) 997-0999
                                  asm@pryormandelup.com